UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____
(County Court Case No. 20-CC-090086)

IMMINENT SURGICAL ASSOCIATES, P.A. (P.J.)

    Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY d/b/a Great-West Healthcare, Inc.

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Cigna Health and Life Insurance Company, ("Cigna"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal, and alleges as follows:

### I. INTRODUCTION

1. Plaintiff, Imminent Surgical Associates, P.A. ("Plaintiff" or "ISA"), commenced this action in the County Court in and for Hillsborough County, Florida, Case No. 20-CC-090086 ("State Court Action").

2. Plaintiff served Cigna with the Complaint on December 22, 2020. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and papers served on Cigna are attached hereto as Exhibit "A".

3. Cigna removes this case pursuant to 28 U.S.C. § 1441(a) as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331. The

state common law and statutory claims in Plaintiff's Complaint are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## II. NATURE OF THE CASE

4. Plaintiff is a "health care provider duly licensed and authorized by the State of Florida to provide health care and treatment in the State of Florida." Complaint at ¶ 3.

5. According to the Complaint, "in exchange for premiums, [Cigna] pays for health care services rendered to members of its commercial health care products and platforms. . ." Complaint at ¶ 10.

6. ISA alleges the P.J. sought and received emergency health care services from it but that P.J. did have the opportunity to choose a participating provider. Complaint at ¶ 17.

7. ISA asserts that it did not have a participating provider agreement with Cigna so it relies on Florida Statutes to determine the payment it should have received. Complaint at ¶18.

8. ISA further alleges that it billed Cigna for the services rendered to patient P.J., and that it "received partial payment" from Cigna but Plaintiff "is still in doubt as to their rights. . . as it pertains to section 641.513(5) . . ." Complaint at ¶ 24.

## III. NATURE OF THE UNDERLYING SELF-FUNDED HEALTH PLAN FURNISHING BENEFITS

9. The Complaint identifies one individual patient whose medical claim(s) and health benefit plan are at issue. *See* Complaint generally. At the time of the date of service framed by the Complaint, that patient was enrolled in a *self-funded* "employee welfare benefit plan" within the meaning of the ERISA. *See* Declaration of Emily Russell ("Russell Declaration") at ¶4-7, attached hereto as Composite Exhibit "B," together with the attached pertinent ERISA plan document, the "Summary Plan Description."

10. An "employee welfare benefit plan" is statutorily defined at Section 1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer…to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death, or unemployment….

Thus, an ERISA plan may be established by employers in one of two ways. Employers may create and fund their own health plans (*i.e.*, self-funded), or employers may establish a plan "through the purchase of insurance." A plan is "self-funded" or "self-insured" if "it does not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants." *FMC Corp. v. Holliday*, 498 U.S. 52, 54 (1990); *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1324 (11th Cir. 2014) (discussing "the two general models that employers use to provide health care to their employees."). In the case of a self-funded plan, "it would be [the employer] that endures the financial risk associated with being

responsible for paying health care charges incurred by its employees." *Id*. Additionally, in a self-funded plan model, the employer "often contract[s] with third-party administrators [TPAs] to perform certain administrative functions for the employer and each plan." *Id*.  As the Eleventh Circuit observed in *Hudgens*, "TPAs are often insurance companies acting solely in an administrative capacity." *Id*.

11. Cigna functions as a "third party administrator" in connection with many large self-funded plans throughout the country.  When it occupies that role, as it does with respect to the Gold Coast Plan at issue here, Cigna does not insure the benefits that are provided by the plan.  Rather, it acts "solely in an administrative capacity" while processing claims in accordance with the terms of the employer's self-funded plan.  *See* Russell Declaration, ¶6-7.

12. The very terms of the self-funded group health plan at issue demonstrates that an ERISA plan exists here. A review of the Summary Plan Description attached to the Russell Declaration demonstrates that: (i) the plan was established by the employer Gold Coast Eagle; (ii) the intended benefits are the medical expense benefits that are payable in accordance with the plan's terms; (iii) the class of beneficiaries are the eligible employees (and dependents) of the employer who established the plan; (iv) the source of financing is contributions made by the employer from its general assets; and (v) the procedures for submitting claims and receiving benefits are those which are spelled out in the plan. *Fleming v. Metropolitan Life Ins. Co.*, No. 8:06CV88-T-23TBM, 2006 WL 709560 (M.D. Fla. Mar. 16, 2006)

(terms of group disability policy "persuasively demonstrate" that ERISA applies); *see also* Russell Declaration.

13. Plaintiff's entire Complaint rests on the premise that Fla. Stat. §641.513(5), Fla. Stat. §627.64194(4), Fla. Stat. §641.3155 and Fla. Stat. §627.6131 apply to the health benefit plan pertaining to "Cigna member 'P.J.'" That premise is fundamentally flawed since the health benefit plan at issue is a self-funded plan governed by ERISA. The United States Supreme Court has plainly held that **self-funded** ERISA health plans are beyond the reach of any state insurance regulation. *FMC Corp.*, 498 U.S. 52, 58 (1990) ("State laws that directly regulate insurance . . . do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws."). Thus, a self-funded ERISA plan is not subject to statutes such as Fla. Stat. § 641.513(5) and Fla. Stat. § 627.64194(4) that purport to regulate the conduct of insurance business.

14. Self-funded employee welfare benefit plans, where no "insurance" is purchased, are governed exclusively by federal law. Pursuant to federal law, ERISA plan provisions must be given effect according to their plain meaning. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013) (ERISA's focus on the written terms of the plan, with the plan administrator having the duty to see that the plan is maintained pursuant to the written instrument, is "the linchpin" of ERISA's remedy system); *Egelhoff v. Egelhoff*, 532 U.S. 141, 150, (2001) (noting "ERISA's requirements

5

that plans be administered, and benefits be paid, in accordance with plan documents.").

15. In *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1331 (11th Cir. 2014), the Eleventh Circuit relied on *FMC Corp.*, to find that Georgia's insurance prompt-pay provision was preempted as applied to self-funded ERISA plans because the provision interfered with uniform administration of benefits. It stressed that the while the law's "requirements will not necessarily directly alter the coverage decision-making process" it would nonetheless "compel certain action (prompt benefit determination and payments) by plans and their administrators" and "impact the amount paid to beneficiaries in the case of late payment or notice." *Id*. Consequently, "employers offering self-funded health benefit plans would be faced with different timeliness obligations in different states, thereby frustrating Congress's intent." *Id*.

16. Fla. Stat. § 641.513(5) and Fla. Stat. § 627.64194(4) form the alleged foundation of Plaintiff's Complaint. Yet, under *FMC Corp.*, and *Hudgens*, these statutes have no force or effect with respect to the self-funded ERISA plan, the Gold Coast Plan at issue. Self-funded ERISA plans are "immune" from Fla. Stat. § 641.513(5) and Fla. Stat. § 627.64194(4). *Medicomp, Inc. v. Unitedhealthcare Ins. Co.*, 2013 WL 12149554, at *2 (M.D. Fla. Jan. 2, 2013) ("The Court is also aware that self-funded employee welfare benefit plans are immune from state law regulation, even if the laws properly fall under ERISA's savings clause.") (emphasis added).

## IV. FEDERAL QUESTION JURISDICTION – COMPLETE PREEMPTION

17. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's state-law causes of action are completely preempted by ERISA with respect to the ERISA governed self-funded benefit plan at issue.

18. Ordinarily, removal may not be accomplished unless the face of the Complaint reveals a federal question. This general rule is known as the "well-pleaded complaint" rule. However, the United States Supreme Court recognized the doctrine of "complete preemption" as a corollary or an exception to the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). State court actions that come within the scope of § 502(a) of ERISA, 29 U.S.C. § 1132(a), such as a claim for improper denial of benefits under state law, are "displaced" by ERISA's civil enforcement mechanism and are therefore "removable to federal court" as actions that arise under the laws of the *United States. Metropolitan Life*, 481 U.S. at 58, 60; *see also Ehlen Floor Covering v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."). When a "federal statute [such as ERISA] completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

19. In this case, Plaintiff's state-law claims are "in reality based on federal law." *Davila*, 542 U.S. at 207. The claims are completely preempted because they "duplicate, supplement, or supplant" the ERISA civil enforcement remedy that

Congress intended to be exclusive. *Id*. Put another way, the Plaintiff's claims challenge the right to payment for a benefit allegedly covered by an employee welfare benefit plan. Accordingly, removal of this action which squarely implicates ERISA-plan benefits is consistent with ERISA's purpose "to provide a uniform regulatory regime over employee benefit plans." *Id*.

20. The root of Plaintiff's claims is whether health plan benefits are owed for the services allegedly provided to the ERISA plan participant. By asserting a right to payment of ERISA plan benefits, Plaintiff directly challenges the way in which Cigna administered claims under the ERISA plan. A lawsuit such as this one to recover benefits that stem from an ERISA plan falls within the scope of 29 U.S.C. § 1132(a)(1)(B). *See e.g.*, *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009) (applying *Davila* while finding that ERISA completely preempted providers' state-law claims for breach of contract, breach of good faith and fair dealing, and unjust enrichment); *Borrero v. United Healthcare of N.Y.*, 610 F.3d 1296 (11th Cir. 2010) (applying *Davila* while finding that ERISA completely preempted physicians' state law claims for breach of contract where physicians alleged a failure to pay the proper contracted rate in violation of common and statutory law).

21. Plaintiff alleges that the aforementioned Florida Statutes are incorporated into the "insurance/health maintenance policy". Complaint at ¶¶ 39, 72 and that Cigna "breached the aforementioned contract and caused Plaintiff to suffer damages. . ." Complaint at ¶ 49.

#43264924 v1

22. In addition, ISA alleges that it is a beneficiary of the insurance/health insurance contract. Complaint at ¶ 73. And Plaintiff again asserts that Defendant's alleged "breach of contract" caused Plaintiff to suffer damages. Complaint at ¶ 86. ISA is therefore suing to enforce the terms of the applicable self-funded ERISA plan.

23. When ISA submitted its claims to Cigna in order to elicit the payment of available benefits under the terms of "Cigna member P.J.'s" benefit plan, ISA represented that patient P.J. assigned his or her rights to benefits and that ISA accepted that assignment. *See* Russell Declaration at ¶8-10. Thus, ISA constitutes a "beneficiary" of the health plan for ERISA complete preemption purposes. *See e.g., Connecticut State Dental*, 591 F.3d at 1353 (11th Cir. 2009) (finding that claim forms submitted by dentists to the defendant ERISA plan insurer "suffice to show an assignment of benefits" and confer ERISA standing for removal purposes); *Borrero*, 610 F.3d at 1302–03 (11th Cir. 2010) (rejecting the arguments raised by medical provider plaintiffs who contested the adequacy of claim forms as the basis for finding they possessed derivative standing under ERISA for removal purposes).

24. At its core, the Complaint challenges Cigna's *benefit determination* upon ISA's submission of claims under the self-funded ERISA plan at issue. Instead of proceeding under ERISA's federal enforcement mechanism which allows for the recovery of benefits allegedly due under a plan, ISA casts its claims under state-law principles of state statutory violations and implied contract. ISA's labels, however, do not control the complete preemption question. Federal courts are "not bound by the labels used in the complaint or [Plaintiff's] disclaimer that ERISA does not

govern its claims. '[M]erely referring to labels affixed to claims to distinguish between preempted and non-preempted claims is not helpful because doing so would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA.'" *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Florida, Inc.*, 813 F.3d 1333, 1337 n.2 (11th Cir. Dec. 1, 2015) (internal quotation omitted); *see also Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("Artful pleading does not alter the potential for this suit to frustrate the objectives of ERISA. The only factual basis for relief pleaded in Cleghorn's complaint is the refusal of Blue Shield to reimburse him for the emergency medical care he received. Any duty or liability that Blue Shield had to reimburse him would exist here only because of [Blue Shield's] administration of ERISA-regulated benefit plans.") (internal citation omitted). And *Sarasota County Public Hospital Board v. Blue Cross and Blue Shield of Florida,* No. 8:18-cv-2873-T-23SPF, (M.D. Fla. June 21, 2019) ("Also, the plaintiff asserts that Section 641.513, Florida Statutes, creates a legal duty independent of ERISA. Section 641.513 entitles healthcare providers lacking a contract with a health management organization (HMO) to reimbursement for emergency care provided to the HMO's subscriber. But again, Section 641.513 establishes no duty independent of ERISA because the ERISA-regulated plans create the duty to pay and ERISA controls the coverage determinations.").

### V. COMPLIANCE WITH PROCEDURE FOR REMOVAL

25. This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446 as Cigna files this Notice within thirty days of the date it was served with process.

26. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, Summons and other documents served in the State Court Action are attached hereto as Composite Exhibit "A."

27. Cigna will give written notice of the Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of Court for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1446(d).

28. Venue is proper in the Middle District of Florida, as the County Court in which the action is pending is within the jurisdictional confines of the Middle District. *See* 28 U.S.C. §1446(a) and 28 U.S.C. § 1441(a).

29. This notice of removal is signed pursuant to and complies with Rule 11 of Federal Rules of Civil Procedure.

30. Cigna has paid the required removal fee.

31. Cigna respectfully reserves all of its defenses and rights.

No previous application has been made for the relief prayed for in this Notice.

WHEREFORE, Defendant, Cigna Health and Life Insurance Company, respectfully requests that the removal of this action to the United States District Court for the Middle District of Florida be hereby effected and that this Court take jurisdiction of this action.

>s/ Shari Gerson
>Shari Gerson, Florida Bar No. 017035
>Email:  shari.gerson@gray-robinson.com
>GRAY ROBINSON, P.A.
>401 East Las Olas Boulevard, Suite 1000
>Fort Lauderdale, Florida 33301
>Telephone:  (954) 761-8111
>Facsimile:  (954) 761-8112
>
>*Counsel for Defendant, Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 21, 2021, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was provided by email to: Daniel B. Smith, Esquire, Morgan & Morgan, 3705 N. Himes Ave. Tampa, FL 33607, telephone: (813) 877-8600, email: dansmith@forthepeople.com, *counsel for Plaintiff*.

s/ Shari Gerson
Shari Gerson, Florida Bar No. 017035
Email: shari.gerson@gray-robinson.com
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112

*Counsel for Defendant, Cigna Health and Life Insurance Company*

#43264924 v1